IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROY L. ELLIS, ) | |
| ) | |
| Plaintiff, ) | 8:06cv723 |
| ) | |
| vs. ) | ORDER |
| ) | ON INITIAL REVIEW |
| DOUGLAS COUNTY CORRECTION ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Roy L. Ellis, a pretrial detainee in the custody of the Douglas County Correctional Center ("DCCC"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that a friend of his has been barred from visiting him at the DCCC by an order of the County Attorney's office.

Generally, restrictions on visitation and other privileges afforded pretrial detainees may not be designed as punishment but are constitutionally acceptable if the limitations are not unreasonable and are necessary for a legitimate purpose such as to maintain security. See, e.g., Pell v. Procunier, 417 U.S. 817, 822-23 (1974); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).

The plaintiff has named the Omaha Police Department as one of the defendants in this case. However, the Police Department is not an entity which can be liable in its own name to the plaintiff. Construing the complaint liberally, the intended defendant is the City of Omaha, Nebraska, which oversees the Police Department and is responsible for its operations. The Police Department itself and other departments, agencies or units within City government lack the capacity to sue or be sued in their own names. The same is true for the DCCC. The correct defendant is Douglas County, Nebraska, as the DCCC cannot sue and be sued in its own name.

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about

---

[1]The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not use the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case may proceed to service of process, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send EIGHT summons forms and EIGHT form USM-285s ("form 285s") to the plaintiff, together with a copy of this Order.

2. The plaintiff shall, as soon as possible, send the completed forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur. The plaintiff must provide an address for each party to be served. The U.S. Marshal and the court will not fill in a defendant's address on the forms.

3. Each person named as a defendant has two capacities: official capacity and individual capacity. In this case, the Douglas County Correctional Center (meaning the County) and all employees of the DCCC *in their official capacity* may be served together on one summons form at the address indicated in Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." **The address of the County Clerk is: Douglas County Clerk, 1819 Farnam Street H08, Omaha, NE 68183**.

4. Similarly, the Omaha Police Department, i.e., the City of Omaha, and all employees of the Department, i.e., City, *in their official capacity,* may be served together

2

on one summons form at the address indicated in Neb. Rev. Stat. § 25-510.02(2), which, for the City of Omaha is the **office of the City Clerk, 1819 Farnam Street, Suite LC-1, Omaha, NE 68183.**

5. The other six summons forms and Form 285s, are to be used for service of process on the persons named as defendants in their *individual* capacity (one defendant per form) at an address **wherever the defendant can personally be found and will accept service of process himself /herself or through a person authorized to receive a summons on his or her behalf**.[2]

6. Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal, and the plaintiff does not need to do so. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

7. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. The plaintiff is hereby notified that failure to obtain service on a defendant within that deadline may result in dismissal of this matter without further notice as to such defendant.

8. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

---

[2]Fed. R. Civ. P. 4(e) states:

(e) Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

9. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

10. The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to all other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

11. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

12. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

13. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

14. IMPORTANT NOTE: **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 16th day of February, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge