IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY L. ELLIS, | ) | 8:06CV723 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| CORRECTION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a Motion for Summary Judgment filed by
Defendants Hubbard, Bell, Jackson, and Carter. (Filing No. 77.) Defendants' Motion
will be granted.

## I.   BACKGROUND

Plaintiff's Complaint, which is brought pursuant to 42 U.S.C. § 1983, alleges
that Defendants Douglas County, Nebraska ("Douglas County"), the City of Omaha,
Nebraska ("Omaha"), Monika Bell ("Bell"), Sgt. Carter ("Carter"), Capt. Hubbard
("Hubbard"), Chief Thomas Warren ("Warren"), Det. Steve Henthorn ("Henthorn"),
and S. Jackson ("Jackson") prevented Plaintiff's fiancé, Jean Fisher ("Fisher"), from
visiting Plaintiff during his incarceration at the Douglas County Corrections Center
("DCCC"). (Filing No. 1 at CM/ECF pp. 5-10.)[1]  The Complaint was later amended
to add allegations that Defendants wrongfully moved Plaintiff to protective custody
in early February 2007. (Filing No. 11 at CM/ECF pp. 1-3.)

---

[1]The Complaint named the DCCC (rather than Douglas County) and the Omaha
Police Department (rather than the City of Omaha) as defendants; on initial review,
however, the "intended" defendants were construed to be Douglas County and
Omaha. (Filing No. 8 at CM/ECF p. 1)

On December 28, 2007, Douglas County filed a Motion for Summary Judgment (filing no. 56), and on April 24, 2008, the Omaha Police Department (OPD),[2] Henthorn, and Warren filed a Motion for Summary Judgment, (filing no. 68). Defendants OPD, Warren, and Omaha were subsequently dismissed at Plaintiff's request, (*see* filing No. 74 at CM/ECF p. 1; filing no. 76 at CM/ECF pp. 3-4), leaving filing number 68 at issue only insofar as it pertained to Defendant Henthorn.

In a Memorandum and Order dated August 22, 2008, the court granted Douglas County's and Henthorn's Motions for Summary Judgment. (Filing No. 76.) More specifically, the court concluded that summary judgment ought to be granted on Plaintiff's "visitation" claim because there was no genuine dispute that the visitation restrictions were rationally related to legitimate penological interests; there was no evidence that Plaintiff could not have exercised his right to association through other means; there was no evidence that the accommodation of his right would not have significantly impacted guards, other inmates, the allocation of institutional resources, or safety; and there was no evidence that the availability of ready alternatives undermined the reasonableness of the visitation restrictions. (*Id.* at CM/ECF pp. 10-12, 15-16 (citing *Overton v. Bazzetta*, 539 U.S. 126 (2003).) Summary judgment was granted on Plaintiff's "protective custody" claim due to Plaintiff's failure to exhaust the available administrative remedies before filing suit. (*Id.* at CM/ECF pp. 12-13, 16 (citing, *inter alia*, 42 U.S.C. § 1997e(a).) The court also noted,

> As Defendants Bell, Hubbard, Carter, [and] Jackson filed no motions for summary judgment, each of Plaintiff's claims remains viable against them insofar as they are sued in their individual capacities. The opportunity for the Defendants to submit motions for summary judgment has expired; however, based on the evidence set forth in Douglas County's and Henthorn's motions for summary judgment, and in light of Plaintiff's failure to oppose these motions, the court doubts whether this case ought to proceed to trial against Bell, Hubbard, Carter, and Jackson. Therefore, these Defendants will be given twenty days from

---

[2]As set forth in footnote one, this was construed as filed by the City of Omaha.

2

the date of this order within which to file motions for summary judgment.

(*Id.* at CM/ECF pp. 16-17.)

On September 11, 2008, Bell, Hubbard, Carter, and Jackson filed a Motion for Summary Judgment.  (Filing No. 77.)  The court's analysis of this motion follows.

## II.   ANALYSIS

Preliminarily, the court notes that Plaintiff has not filed a response to Defendants' Motion for Summary Judgment, despite having more than two months in which to do so.  Defendants' Motion is deemed to be fully submitted and, to the extent that they are "properly referenced," the material facts set forth by Defendants in their supporting brief are deemed admitted due to Plaintiff's failure to controvert those facts.  *See* NECivR 56.1(b)(1).

## A.    Undisputed Material Facts

Defendants' statement of undisputed material facts draws from the same evidentiary materials that were submitted by Douglas County and Henthorn in support of their Motions for Summary Judgment.  (*See* Filing No. 78 at CM/ECF pp. 3-6.)  Indeed, most of the Defendants' factual statements match the "Undisputed Material Facts" set forth in the court's August 22, 2008 Memorandum and Order. (*Compare* Filing No. 78 at CM/ECF pp. 3-6 *with* Filing No. 76 at CM/ECF pp. 5-7, 13-15.)  As a result, there is no need to restate the material facts here in great detail.

Summarized, during Plaintiff's incarceration at the DCCC, Fisher was allowed to visit Plaintiff on several occasions between June 2006 and September 2006.  On October 6, 2006, however, Plaintiff was prevented from visiting Fisher while he was on "lockdown" for disciplinary and safety reasons.  Also, on September 29, 2006,

3

Fisher was arrested (and Plaintiff was charged) in a witness tampering case, and on October 21, 2006, OPD Officer Henthorn requested that Douglas County remove Fisher from Plaintiff's visitation list because of the pending criminal investigation. On February 6, 2007, Plaintiff was placed in "Protective Confinement" for safety reasons. Although Plaintiff submitted inmate requests concerning his placement in Protective Confinement, he did not file a grievance pursuant to the DCCC grievance procedure.

## B.    Analysis

### 1.    Standard of Review

A motion for summary judgment shall be granted by the court "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," and "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256-57 (citing Fed. R. Civ. P. 56(e)).

### 2.    Plaintiff's Visitation Claim

4

The Complaint alleges that Defendants violated Plaintiff's constitutional rights by preventing him from visiting Fisher during the month of October 2006. (*See generally* Filing No. 1.) Defendants Hubbard, Bell, Carter, and Jackson, who are alleged to be employees of Douglas County, argue that summary judgment must be granted in their favor because they are entitled to qualified immunity. (*See* Filing No. 78 at CM/ECF pp. 8-10.) The court agrees.

"Qualified immunity protects governmental officials from liability for civil damages when they are performing discretionary functions and their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 671 (8th Cir. 2007) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "This immunity 'provides ample protection to all but the plainly incompetent or those who knowingly violate the law.'" *Id.* at 671-72 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "[T]o withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated the plaintiff's clearly established right." *Id.* at 672 (quoting *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996)). The "initial inquiry is whether the facts as alleged show that the [official's] conduct violated a constitutional right." *Id.* (quoting *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007)). "If the facts do not show a violation, [the court] need not proceed further with the qualified immunity analysis." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

As noted above, the court has already concluded that Plaintiff failed to show that Douglas County violated Plaintiff's constitutional rights when it restricted his visits with Fisher. (Filing No. 76 at CM/ECF pp. 10-12, 15-16.) As Plaintiff has come forward with no new facts in opposition to Hubbard's, Bell's, Carter's, and Jackson's Motion for Summary Judgment, the court must conclude that there is no genuine issue as to whether there has been a constitutional violation. Because the

facts do not show a violation, there is no need to proceed further with the qualified immunity analysis. *Brockington*, 503 F.3d at 672. Defendants are entitled to summary judgment on Plaintiff's visitation claim.

### 3.    Plaintiff's Protective Custody Claim

As amended, the Complaint alleges that on February 6, 2007, Plaintiff was placed in protective custody in violation of his due process and Eighth Amendment rights. (*See generally* Filing No. 11.) Defendants argue that they are entitled to summary judgment on this claim because Plaintiff failed to exhaust the available administrative remedies before filing suit. (*See* Filing No. 78 at CM/ECF pp. 14-16.) For the reasons stated in the court's Memorandum and Order of August 22, 2008, the court finds that due to Plaintiff's failure to exhaust administrative remedies, Defendants are entitled to summary judgment on Plaintiff's protective custody claim. (*See* Filing No. 76 at CM/ECF pp. 12-13.)

IT IS THEREFORE ORDERED that:

1.    Hubbard's Bell's, Carter's, and Jackson's Motion for Summary Judgment, filing no. 77, is granted.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

November 24, 2008.                    BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge

6